**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT E. PARKES,<br><br>Plaintiff,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Defendants. | Case No. 3:18-CV-0263-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 56] |

This case involves a civil rights action filed by Plaintiff Robert Parkes ("Parkes") against Defendants John Keast ("Keast"), Lisa Walsh ("Walsh"), and Theresa Wickham ("Wickham") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF No. 56.)[2] Parkes opposed the motion, (ECF No. 59), and Defendants replied. (ECF No. 60.) For the reasons stated below, the Court recommends that Defendants' motion for summary judgment, (ECF No. 56), be denied.

**I.    FACTUAL BACKGROUND**

Parkes is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). Parkes submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple Defendants for events that took place while he was incarcerated at NNCC. (ECF No. 5 at 3.) Parkes sued Defendants Warden Isidro Baca, Associate Warden Brian Ward, Associate Warden Lisa Walsh, Director of Nursing John Keast, and Director of Nursing

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    Defendants previously filed a motion for summary judgment, (ECF No. 42), that was denied without prejudice, with leave to refile. (ECF No. 53.) In their present motion, Defendants reference exhibits that were filed to support the first motion for summary judgment. (ECF No. 44.) This is procedurally improper.

Theresa Wickham. (*Id.* at 3-4.) Plaintiff alleged one count and seeks monetary damages. (*Id.* at 6, 12.)

Parkes alleged that on January 17, 2001, Veterans Affairs issued Parkes a C-PAP[3] machine. (*Id.* at 5.) On August 7, 2017, while Parkes was in custody, the C-PAP machine stopped working. (*Id.*) Parkes reported this issue to Wickham. (*Id.* at 6.) Prison officials did not replace Parkes's C-PAP machine for 137 days. (*Id.* at 5.) On December 21, 2017—the day Parkes received another C-PAP machine—Parkes told the nursing staff that he needed a new mask for the machine. (*Id.*) On February 11, 2018, Parkes sent a kite to Keast asking why it was taking so long to get a mask. (*Id.*) Parkes learned that prison officials did not order the mask until February 1, 2018, or 57 days after Parkes told them he needed one. (*Id.*) On April 11, 2018, Parkes finally received the mask he needed to use his C-PAP machine. (*Id.*) Due to the delays, Parkes was unable to use a C-PAP machine for his sleep apnea condition for 248 days. (*Id.*)

## II.   PROCEDURAL HISTORY

On August 8, 2019, the Court screened the complaint. (ECF No. 4.) Parkes was allowed to proceed on the Eighth Amendment claim for deliberate indifference to serious medical needs against Wickham, Keast, Ward, and Walsh. All other counts and defendants were dismissed from this case. (*Id.*) Defendant Ward was later dismissed pursuant to Fed. R. Civ. P. 4(m), for failure to complete service of process. (ECF No. 30.)

After the entry of the screening order, Deputy Attorney General ("DAG") Charles H. Odgers filed a limited notice of appearance on behalf of Defendants for the purpose of participating in the Court's Early Inmate Mediation Program. (ECF No. 6.) Prior to the scheduled mediation, a new DAG, Matthew Frauenfeld, also entered a notice of appearance. (ECF No. 8.) Both DAGs were present at the early mediation on October 29, 2019, although the case did not settle. (ECF No. 9.)

Following the mediation, on October 31, 2019, the Office of the Attorney General

---

[3]  The terms C-PAP and BiPAP have been used interchangeably by both parties in this case.

1  was ordered to file an answer or other response within sixty days for any defendants they
2  represented. (ECF No. 11.) On November 19, 2019, DAG Charles Hopper entered an
3  appearance and DAGs Odgers and Frauenfeld were removed from the case. (ECF No.
4  12.) On November 21, 2019, DAG Hopper accepted service on behalf of Defendants,
5  (ECF No. 13), but failed to file an answer or other responsive pleading. (*See* ECF No.
6  22.) On February 10, 2020, DAG S. Paul Edwards entered his notice of appearance and
7  DAG Odgers was also removed from the matter. (ECF No. 20.)

8  Ultimately, on February 27, 2020, the Court again ordered Defendants to file an
9  answer or other response by March 13, 2020. (ECF No. 22.) In accordance with the
10 Court's order, Defendants filed their answer on March 13, 2020. (ECF No. 24.) On March
11 23, 2020, the Court entered a scheduling order, setting the discovery deadline as June
12 22, 2020, and the dispositive motion deadline as July 22, 2020. (ECF No. 26.) On June
13 15, 2020, Parkes filed a motion to extend time for discovery based on a COVID-19
14 quarantine and limited access to the law library. (ECF No. 31.) The Court granted the
15 motion and extended the discovery deadline to August 21, 2020. (ECF No. 32.)

16 On August 18, 2020, and September 3, 2020, Parkes filed two motions to extend
17 discovery, again based on COVID-19 restrictions. (ECF Nos. 33, 34.) Shortly thereafter,
18 yet another DAG took over responsibility for this matter. Specifically, on September 9,
19 2020, DAG Mary Anne Martin entered her notice of appearance and DAG Edwards was
20 removed from the case. (ECF No. 35.) On September 21, 2020, the Court conducted a
21 telephonic motion hearing regarding the motions to extend discovery with Parkes and
22 DAG Martin. (ECF No. 37.) At the hearing, the Court granted an extension of discovery
23 and found that Parkes would be allowed to propound twenty-five requests for production
24 of documents directly to Defendant Keast. (*Id.*) The parties were directed to meet and
25 confer to determine how much of an extension of discovery was required. (*Id.*) On October
26 1, 2020, the Court conducted a continued telephonic discovery hearing, setting the
27 discovery deadline on December 28, 2020, and the dispositive motion deadline on
28 January 29, 2021. (ECF No. 38.) Further, the parties and Court confirmed that the

1  discovery to be conducted in this case was to be limited to only 7 discovery requests
2  propounded by Parkes as discussed at the parties' meet and confer. (*Id.*) Shortly
3  thereafter, DAG Martin was removed from the case and replaced with DAG Jeffrey Cogan
4  on October 22, 2020. (ECF No. 39.)

5  On December 7, 2020, the Court—apparently inadvertently—received discovery
6  requests from Parkes, which were returned. (ECF No. 40.) On January 25, 2021, after
7  the discovery deadline had past, Parkes filed a motion to compel discovery, which related
8  to the discovery requests mistakenly sent to the Court on December 7, 2020. (ECF No.
9  41.) In the motion, Parkes stated that he sent his request for production of documents on
10 September 14, 2020, but Defendant Keast did not respond to certain requests. (*Id.* at 3.)
11 Parkes claims he sent a letter about the discovery to DAG Cogan on November 29, 2020,
12 but did not receive a response. (*Id.*) Parkes then claims he inadvertently sent his request
13 for production of documents to the Court, instead of the Attorney General's Office, but on
14 December 14, 2020, he was able to send the discovery requests. (*Id.* at 3-4.) However,
15 DAG Cogan responded to the request with a letter stating Defendants would not be
16 responding to the request as it was untimely. (*Id.* at 20.)

17 Defendants, through DAG Cogan, did not respond to the motion to compel and
18 instead filed a motion for summary judgment. (ECF No. 42.) Parkes filed a response to
19 the motion stating that he could not properly oppose the motion based upon the
20 outstanding discovery requests. (ECF No. 47.) In reply, Defendants argued their motion
21 should be granted as unopposed because "Parkes did not set forth any argument
22 regarding the merits of the motion; instead Parkes focused on what he perceived as a
23 discovery issue." (ECF No. 48 at 2.) On March 10, 2021, yet another DAG was assigned
24 to the case—Mandana Divanbeiki—who replaced DAG Cogan. (ECF No. 50.)

25 Ultimately, the Court granted Plaintiff's motion to compel and denied Defendants'
26 motion for summary judgment, without prejudice to refile after the additional discovery
27 was complete. (ECF No. 53.) The Court ordered Defendants to provide the requested
28 discovery by no later than May 28, 2021, and set a new dispositive motion deadline for

June 28, 2021. (*Id.*)

On June 28, 2021, DAG Divanbeiki filed Defendants' second motion for summary judgment. (ECF No. 56.) Parkes submitted an affidavit in opposition to Defendants' motion for summary judgment, (ECF No. 59), and Defendants replied that Parkes's affidavit should be stricken. (ECF No. 60.) The Court has construed Parkes's affidavit as an opposition to the motion and declines to strike it from the record.

**III.   DISCUSSION**

To date, there have been eight different DAGs assigned to this case.  (*See* ECF Nos. 6, 8, 12, 20, 35, 39, 50, 62.) The reassignment of so many DAGs has created extensive issues with the pretrial proceedings in this matter, as detailed above. However, the pending motion for summary judgment is, without question, one of the starkest examples of the problems created by the repeated re-assignment of matters to different attorneys. In this instance, it appears DAG Divanbeiki did little more than add a few additional facts related to the procedural history of this case and cut and paste the information contained in first motion for summary judgment filed by DAG Cogan. However, prior to filing this new motion, it does not appear that DAG Divanbeiki confirmed (or cite checked) the factual and legal citations provided in the original motion to ensure that they were correct or that the motion complied with the Local Rules. In addition, although there were only four exhibits attached to the original motion for summary judgment, totaling less than 20 pages, DAG Divanbeiki did not re-submit these exhibits or provide any new exhibits in support of the motion. Rather, in this new motion, she simply refers to the previously filed exhibits appended to the first motion for summary judgment. This is procedurally improper.

As it turns out, most of the factual citations contained in the current motion are inaccurate. Many of the factual citations refer to: (1) incorrect documents and exhibits; (2) documents that do not support the factual contention asserted; and/or (3) documents that simply do not exist.  Below are several examples of these issues contained in only the *first paragraph* of the section entitled, "Statement of Material Facts not in Genuine

Dispute."

- Sentence One, page 4, lines 2-3: "On January 17, 2001, the VA issued Parkes a CPAP machine to assist with his breathing while asleep. *Id*. **at 5.**"

The last factual citation relied upon in the document above the "*Id.*" citation is "ECF No. 53." ECF No. 53 is the Court's order granting Parkes's motion to compel. Page 5 of this document, however, does not reference the information contained in sentence one, above. Rather, page 5 of ECF No. 53 merely restates legal standards and citations related to discovery and the Local Rules and concludes by granting the motion to compel. Therefore, this citation does not support this factual statement.

- Sentences 2-3, page 4, lines 4-5: "On December 21, 2001, the VA changed Parkes' prescription and issued him a Bilevel Positive Airway Pressure (Bi-PAP) machine. *Id*. **at 6.** On August 7, 2017, Parkes' Bi-PAP machine stopped working. *Id*. **at 6.**"

The "*Id.*" citations in both sentences refer to ECF No. 53, described above. However, page 6 only addresses the legal standards applicable to the appointment of counsel in a civil rights matter. Thus, these citations do not support the factual contentions contained in these sentences.

- Sentence 3, page 4, lines 5-6: "Parkes filed an informal grievance on August 23, 2017, requesting a new Bi-PAP machine. *Id*. **at 43-45**."

Here again, the "*Id.*" citations in this sentence refers to ECF No. 53, described above. However, ECF No. 53 is 14 pages in length. Therefore, pages 43-45, cited by Defendants, do not exist.

- Sentence 7, page 4, lines 11-2: "The Bi-PAP machine—which NDOC had to ordered from a third-party vender—arrived on December 21, 2017. *Id*. **at 5.** *See* also Screening Order, ECF 4 at 4:2."

The last document referred to before this "*Id.*" citation is "ECF No. 44: Exhibit A." However, Exhibit "A" to ECF No. 44 is a single page. Therefore, page 5 cited in this citation also does not exist.

The next several paragraphs of the "Statement of Material Facts" continue to provide "*Id.*" citations, which also refer to "ECF No. 44: Exhibit A." As already noted, this

exhibit is only one page in length. However, each of these additional citations in the subsequent sentences refer to pages 5, 34, and 57—which do not exist.

These are but a few examples of the many errors in factual citations contained in Defendants' current motion. Pursuant to Local Rule 56-1, motions for summary judgment "must include a concise statement setting forth each fact material to the disposition of the motion . . . citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the parties relies." LR 56-1. Failing to provide accurate factual citations, and worse, citing to documents that simply do not exist, does not comply with this rule.

The Court takes no pleasure in pointing out these errors and issues. The Court is cognizant of the heavy caseloads and staffing issues present at the Nevada Attorney General's Office. If the errors were limited to one or two instances, the Court may be able to assume these errors were mere typos. However, the sheer volume and egregiousness of the errors cannot be ignored or overlooked.

When a party fails to properly support or address a fact in a motion for summary judgment, the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. Pro. 56(e). In this case, the Court has already provided Defendants a second opportunity to file a motion for summary judgment after failures to properly provide pretrial discovery. In his opposition, Parkes indicates that Defendants still have not provided the discovery that the Court ordered Defendants to provide. Therefore, it is not appropriate to give Defendants an additional opportunity to correct these errors, to consider their facts as undisputed, or to grant Defendants' motion. Rather, pursuant to Rule 56(e)(4), the

Court finds it is only proper to conclude that Defendants have not properly supported their factual statements with proper citations to the record. Therefore, these factual statements are deemed to be conclusory statements or other assertions uncorroborated by facts which are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019). As Defendants bear the burden of demonstrating an absence of a genuine dispute, they have failed to meet this burden. *Soremekun*, 509 F.3d at 984. Therefore, the Court finds that there are genuine issues of material fact related to the merits of Parkes's claim, as well as the defense of qualified immunity, and recommends Defendants' motion for summary judgment be denied.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motion for summary judgment, (ECF No. 56), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 56), be **DENIED.**

**DATED**: October 1, 2021.

**UNITED STATES MAGISTRATE JUDGE**